IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE LITTLE<br>    Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. WDQ-05-959 |
| | : | |
| MARC CROTTEAU and<br>PATRICIA JESSAMY<br>    Defendants. | : | |

. . . . . . . .o0o. . . . . . . .
**MEMORANDUM**

The above-captioned civil rights action was filed on April 7, 2005, along with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's Motion will be granted. For the reasons that follow, the complaint will be dismissed without prejudice.

Plaintiff seeks monetary damages against Defendants, the State's Attorneys involved in his criminal prosecution, based on his claim that charges against him were not timely prosecuted. Paper No. 1. In addition, the complaint alleges that because conspiracy charges were dropped against Plaintiff's co-defendants, the conspiracy charges should have been dropped against him. *Id.* He also claims that evidence admitted at his criminal trial was obtained via an illegal search and seizure. *Id.* In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by the Court unless he has first successfully challenged his criminal conviction. In light of Plaintiff's current incarceration, resulting from the criminal conviction in question, he has failed to satisfy that prerequisite.

|     4/15/2005     | _____/s/_____ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |